ROBERT J. CUNA, PETITIONER-RESPONDENT, v. BOARD OF FIRE COMMISSIONERS, AVENEL, NEW JERSEY, RESPONDENT-APPELLANT.

Middlesex County Court.
Law Division

Decided June 13, 1962.

*Mr. Louis J. Douglass* argued the cause for respondent-appellant (*Messrs. Mead, Gleeson, Hansen & Pantages,* attorneys).

*Mr. Norman Robbins* argued the cause for petitioner-respondent.

SCHWARTZ, J. C. C. This is a workmen's compensation appeal. Petitioner was concededly a volunteer fireman of the Avenel Fire Company #1 in the municipality of Woodbridge. On June 10, 1960, while playing softball with the Avenel Fire Company team, he sustained injuries.

The Division of Workmen's Compensation granted an award. The respondent appeals, contending that petitioner does not fall within *N. J. S. A.* 34:15–43.

The issues involved are (1) whether or not petitioner was injured *in line of duty* as contemplated by the statute, and (2) is petitioner entitled to compensation on the basis of *Complitano v. Steel & Alloy Tank Co.,* 63 *N. J. Super.* 444 (*App. Div.* 1960), dissenting opinion, at *p.* 456 adopted by Supreme Court in 34 *N. J.* 300 (1961).

*N. J. S. A.* 34:15–43 provides:

"* * * each and every active volunteer fireman *doing public fire duty* * * * *who may be injured in line of duty* shall be compensated under and by virtue of the provision of this article and article 2 of this chapter (sections 34:15–7 *et seq.*). * * *

As used in this section, the terms 'doing public fire duty' and 'who may be injured in line of duty' as applied to active volunteer firemen, * * * shall be deemed to include participation in any authorized *public drill, showing, exhibition, or parade* of said volunteer firemen * * * either with or without their fire apparatus * * *." (Emphasis added)

The statute has not previously been construed in a factual setting as contained herein. The Legislature apparently intended to broaden coverage so as to include active volunteer firemen who participate "in any authorized public drill, showing, exhibition, or parade of said volunteer fire-

men," so that if injury resulted while engaged in such activity it is *deemed* "injury in line of duty."

The facts disclose that the Fire Protection League of Woodbridge Township is comprised of the several volunteer fire companies in existence in Woodbridge Township. There is a "Fords Fire Company," "Keasbey Fire Company," "Woodbridge Fire Company," "Avenel Fire Company," and two "Iselin Fire Companies." The Fire Protection League also included the Woodbridge police. An athletic chairman was appointed by the fire companies and he organized the teams and "submitted a contract to the Woodbridge Township Recreation Department" for the Firemen's Protection League. The Recreation Department scheduled the games, and a player was required to belong to the fire department. However, participation in ball playing was not compulsory. Practice games were held from the middle of April until the season started, and uniforms were paid for by each fire company out of its funds. The teams wore baseball uniforms, and the fire company to which petitioner belonged had the legend "Avenel Fire Company" printed across the shirts. In addition, all equipment was financed in the same way. The games between the fire companies were held open to the public and the schedules and results were published in the newspapers. It was stated that the purpose of these games was "for the morale of the men between companies. It helped us in many ways to work as a team. It is the same as if we were going to a fire. We would be working together. You find what a man can do under the circumstances."

Petitioner was injured in a league game between the Avenel Fire Company and the Iselin Fire Company in Kennedy Park, a public park of Woodbridge Township and to which no admission fee was required.

Respondent argues that "in line of duty" can apply only while a fireman is actually engaged as a fireman or performing duties in cases of emergency, sometimes other than fire, when lives or property are in danger. I cannot adopt

this reasoning. The statute is to the contrary. If a volunteer fireman is covered by the Workmen's Compensation Act while participating in any authorized public drill, showing, exhibition, or parade, as provided in the statute, it clearly does not involve an emergency where lives or property are in danger.

Respondent further argues that the Legislature intended to exclude anything "not directly related to the duties of a fireman." The definition of "doing public fire duty" and "who may be injured in the line of duty," it is said, requires a direct relationship.

The words "showing," "exhibition," or "parade" make it clear that direct relationship to the ordinary duties of a fireman is not a *sine qua non*. In addition, if further support were needed for this view it is found in the statute where it provides that the public drill, showing, exhibition or parade may be "with or without fire apparatus." Fire apparatus must necessarily be available in any activity directly related to the duties of a fireman.

A "public drill" or a "parade" would present no difficulty of recognition; the additional words "showing" and "exhibition" are not so easily defined. The history of the legislation indicates that the legislative intent was to widen the construction placed upon *L*. 1948, *c*. 430. While parades and public drills were unquestionably covered by the amendment and present little problem, the lawmaking body evidently sought to cover additional activities as well, without specifically enumerating them and thereby restricting future interpretation.

If the showing or exhibition is "authorized," an injury arising therefrom would appear to be compensable whether the fire apparatus is being used or not. Authorization was sufficiently established *prima facie,* and nothing was presented to raise a factual question in that regard.

"Exhibition" has been defined to mean, among other things, "the act or fact of showing publicly"; "a public show or display, as of athletic feats." *Webster's New World*

*Dictionary (College ed.).* "Showing" has been defined as "an act of presenting or bringing to view or notice." *Ibid.*

The validity of the statute is not assailed. Thus, the question narrowly presented is whether or not the injury was sustained in a "showing" or "exhibition." I find it to have been the legislative intent to embrace the activity in which petitioner was engaged.

Does petitioner stand on the same footing as an industrial employee engaged in a recreational activity held to be covered by the act? Is there "sufficient identification of the employer with the activity, by way of time and location, or true sponsorship or encouragement of the activity by, or benefit therefrom to, the employer"? In *Complitano v. Steel Alloy Tank Co.,* above, the Supreme Court, in adopting the dissenting opinion of Judge Conford, 63 *N. J. Super.,* at *p.* 456, had before it a factual situation quite parallel, with the only distinguishing factor being that the injury there was sustained by an employee in industry. Does participation in such an activity as here further relations between the fireman and the fire company? Does it help build good will and the building up of *esprit. dé corps* and redound in benefit to the fire company? The answer must be in the affirmative. The location of the game is of no significance any longer and would, in the case of such a game, be compensable if played anywhere in the municipality, if authorized. The basis for the recovery allowed in *Complitano* is adopted additionally for recovery here.

As to recovery by a municipal employee on the theory of a benefit conferred on the municipality, *cf. Jasaitis v. City of Paterson,* 31 *N. J.* 81 (1959). The benefit theory was the basis of the award to a policeman as distinguished from an industrial worker.

The respondent undoubtedly encouraged and sponsored the softball team. The beneficial results of such activity in building morale and teamwork cannot be gainsaid.

I find the petitioner entitled to the award, the extent of which was fixed in the Workmen's Compensation Division.